IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOSE NORBERTO VALDEZ** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CAUSE NO.: 1:15-cv-602 | |
| § | | |
| **MEDTRONIC USA, INC.; MEDTRONIC,** § | | |
| **INC.; and MEDTRONIC SOFAMOR** § | | |
| **DANEK USA, INC.; all d/b/a** § | | |
| **MEDTRONICNEUROMODULATION,** § | | |
| § | | |
| *Defendants.* § | | |

**THE MEDTRONIC DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE COURT:

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendants Medtronic USA, Inc., Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc.[1] (the "Medtronic Defendants"), with full reservation of and without waiver of any and all defenses, objections, and exceptions, hereby file this Notice of Removal of this action from the 98th Judicial District Court of Travis County, Texas, Cause No. D-1-GN-15-002471 (the "State Court Action") to the United States District Court for the Western District of Texas, Austin Division. This Court has jurisdiction over this action based on diversity jurisdiction, 28 U.S.C. § 1332. In support thereof, the Medtronic Defendants show as follows:

---

[1] Medtronic Sofamor Danek is not a correctly named Defendant in this action as it had no involvement in the design, manufacture, or marketing of the device at issue and does not do business as Medtronic Neuromodulation.

**THE MEDTRONIC DEFENDANTS' NOTICE OF REMOVAL – Page 1**

## I. STATE COURT ACTION

1. On or about June 22, 2015, Plaintiff Jose Norberto Valdez ("Plaintiff") filed the State Court Action against the Medtronic Defendants asserting product liability claims related to a "neurostimulator medical device" allegedly designed and manufactured by Medtronic.

2. Through their registered agents for service of process, the Medtronic Defendants first received a copy of the summons and complaint in this matter on June 29, 2015. Consequently, this notice of removal is timely filed within thirty (30) days of such service. *See* 28 U.S.C. § 1446(b).

## II. REMOVAL PROCEDURE

3. Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Western District of Texas, Austin Division, is the United States district and division embracing Travis County, Texas. Therefore, venue of this removed action is proper in this Court.

4. As required by 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the following:

    a) An index of all documents filed in the State Court Action, attached as Exhibit "A";

    b) A copy of State Court Action docket sheet, attached as Exhibit "B";

    c) Copies of all processes, pleadings, and orders in the State Court Action, individually tabbed and arranged in chronological order according to the state court filing date, collectively attached as Exhibit "C."

5. As required by 28 U.S.C. § 1446(d), the Medtronic Defendants, the removing parties, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 98th Judicial District Court of Travis County, Texas, where the action is currently pending.

### III.   DIVERSITY JURISDICTION

6. Federal courts have removal jurisdiction for diversity cases when the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

7. Complete diversity of citizenship exists in this action. Plaintiff Jose Norberto Valdez ("Plaintiff") is now, and was at the time of filing, a citizen of the State of Texas, with his domicile located in Travis County, Texas. *See* Plaintiff's Original Petition And Request for Disclosure at p. 1. Specifically, a person is a citizen of the state where that person is domiciled, that is, where the person has established a fixed habitation or abode, intending to remain there permanently or indefinitely. *See Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cir. 1996).

8. A corporation is a citizen of both the State where it is incorporated and the State where its principal place of business is located. *See Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

9. Medtronic USA, Inc. is now, and was at the time of filing, a citizen of the State of Minnesota. Specifically, Medtronic USA, Inc. is a Minnesota corporation with its principal place of business located at 710 Medtronic Parkway, Minneapolis, Minnesota 55432-5604. *See* Plaintiff's Original Petition at p. 1-2.

10. Medtronic, Inc. is now, and was at the time of filing, a citizen of the State of Minnesota. Specifically, Medtronic, Inc. is a Minnesota corporation with its principal place of

business located at 710 Medtronic Parkway, Minneapolis, Minnesota 55432-5604.  *See* Plaintiff's Original Petition at p. 2.

11. Medtronic Sofamor Danek USA, Inc. is now, and was at the time of filing, a citizen of the State of Tennessee.  Specifically, Medtronic Sofamor Danek USA, Inc. is a Tennessee corporation with its principal place of business located at 2600 Sofamor Danek Drive, Memphis, Tennessee 38132.  *See* Plaintiff's Original Petition at p. 2.

12. Accordingly, complete diversity exists between Plaintiff and the Medtronic Defendants, and the Medtronic Defendants are not citizens of this state.  *See* 28 U.S.C. § 1441(b).

13. Plaintiff's Original Petition and Request for Disclosure alleges damages in excess of $1,000,000.  *See* Plaintiff's Original Petition at p. 8.  Thus, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

WHEREFORE, the Medtronic Defendants remove this case from the 98th Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division.

Dated: July 20, 2015.

Respectfully submitted,

*/s/ Gregory J. Casas*
Gregory J. Casas
  Texas Bar No. 00787213
  casag@gtlaw.com
Elizabeth Ross Hadley
  Texas Bar No. 24063085
  hadleye@gtlaw.com
**GREENBERG TRAURIG, LLP**
300 West 6th Street, Suite 2050
Austin, Texas 78701
(512) 320-7200 - office
(512) 320-7210 - facsimile

Lori G. Cohen
  *Pro Hac Vice* Application Forthcoming
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305
Phone: (678) 553-2100
Facsimile: (678) 553-2212

**ATTORNEYS FOR THE MEDTRONIC DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, via CERTIFIED MAIL, RETURN RECEIPT REQUESTED, on this the 20th day of July, 2015, and addressed as follows:

Jeff M. Meyerson
Cole Gumm
Chance Weldon
THE MEYERSON LAW FIRM, P.C.
2224 Walsh Tarlton Lane, Suite 120
Austin, Texas 78746

*/s/ Gregory J. Casas*
Gregory J. Casas

ATL 20733699v1

**THE MEDTRONIC DEFENDANTS' NOTICE OF REMOVAL** – Page 5